# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY S. STEELE, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) No. 3:05cv0243 AS |
| | ) |
| JOHN R. VANNATTA, | ) |
| | ) |
| Respondent | ) |

### *MEMORANDUM OPINION AND ORDER*

On or about April 22, 2005, *pro se* petitioner, Gregory S. Steele, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 18, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The record will show that since August 18, 2005, there has been a very considerable delay in this proceeding much but not all of it at the doorstep of Mr. Steele. On September 16, 2005, Mr. Steele filed a motion for summary judgment, a motion for the imposition of sanctions and a Traverse. Three days later on September 19, 2005, Mr. Steele filed an amended Traverse and an amended motion for summary judgment. On March 10, 2006, Mr. Steele filed a supplemental Traverse. In 2002, this petitioner was sentenced in Elkhart County, Indiana to six years for burglary. According to the papers in this case, his release date was to be November 16, 2005. His sentence was on a plea of guilty and no appeal was lodged in the appellate courts of the State of Indiana. The petition was signed November 29, 2004, and he is entitled to the benefit, if any, under *Houston v. Lack,* 487 U.S. 266 (1988). Even if this petitioner is given the full benefits of *Houston*, this

petition is untimely under 28 U.S.C. §2244(d). A very recent decision in this circuit shows how close this timing can be. *See Vasquez v. Kingston*, 422 F. Supp.2d 1006 (E.D. Wis. 2006).

It is very important for this court to remain focused properly on the essentials under the relevant federal law which is the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) (AEDPA), which became effective after a judicial period of grace on April 24, 1997. Notwithstanding his pro se status, the petitioner has made extensive filings including a motion for summary judgment and an amended motion for summary judgment, and as well as an extensive supplemental traverse. In the process, the petitioner takes off on both the deputy attorney general of Indiana representing the respondent here. Certainly the filing made by this pro se petitioner on March 10, 2006 has the Indiana Parole Board in the caption. With all deference, there is nothing in this record to make the Indiana Parole Board a party to this case. The only party to this case other than the petitioner is John R. VanNatta. It must be noted that this proceeding is not under 42 U.S.C. §1983. There are significant differences between the petitions filed under 28 U.S.C. §2254 and those filed under 42 U.S.C. §1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993), *cert. den.*, 114 S.Ct. 1106 (1994).

According to the papers filed, this petitioner entered a plea of guilty in Elkhart County, Indiana to the crime of burglary in 2002, and he was sentenced to six years imprisonment with four years suspended and two years in-home detention. He has certainly completed the two-year sentence by now, if not the home detention. However, he was noticed for a violation of home detention in October 2003 and a state trial court in Elkhart County ordered the remainder

of the aforesaid sentence to be served in a facility of the Department of Corrections.

In his papers, he lists as an address 1918 Wood Street in Elkhart, Indiana with a phone number, and the question comes as to whether he is now in the custody of the Indiana Department of Corrections and particularly John R. VanNatta. To put it mildly and gently, if the trial judge in Elkhart County who handled this case in the state courts made a mistake, that mistake must be addressed in an appeal to the Court of Appeals or the Supreme Court of Indiana. It is a requirement under *Rose v. Lundy*, 455 U.S. 509 (1982) and *Duckworth v. Serrano*, 454 U.S. 1 (1981), as well as the AEDPA that state judicial remedies including appellate remedies simply must be exhausted and that is before this court has jurisdiction under 28 U.S.C. §2254. This court is not required in this case under the circumstances at this time to wade into the problems, whatever they may have been, of the Honorable Benjamin Pfaff, one of the judges in Elkhart County, Indiana.

It is therefore necessary to dismiss this case but such dismissal is **WITHOUT PREJUDICE**. There may remain available to this petitioner remedies that were once available to him under the law of Indiana. This court does not bottom any decision here on harmless error and chooses not at this time to decide the case on the basis of a failure to comply with the statute of limitations.

**IT IS SO ORDERED**.

**DATED:** June 7, 2006

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
