UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **GREGORY STEELE**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **3:05-CV-243-AS** |
| ) | |
| ) | |
| **JOHN VANNATTA**, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On August 8, 2006, Mr. Steele filed a Notice of Appeal which the court construes as a Petition for Certificate of Appealability ("CA"), and a motion for leave to proceed in forma pauperis on appeal. When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id.* at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id.* at 893 n.4 (citations omitted) (emphasis added).

Mr. Steele's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Steele's conviction became final on August 21, 2002 when the time to file an appeal to the Indiana Court of Appeals expired.. Mr. Steele had until August 22, 2003, within which to file a federal habeas petition or a state court petition for post conviction relief. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002).

He filed this petition on May 6, 2005, but signed it on November 29, 2004. Giving him the benefit of the earlier date, his petition is untimely.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

The petitioner filed a motion to proceed in forma pauperis. Because Mr. Steele's petition was dismissed as untimely, this appeal is not taken in good faith because it has no merit. *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000). Accordingly, the motion to proceed in forma pauperis (DE 42 & 43) is **DENIED**.

In light of this order Mr. Steele's motions for relief (DE 32), for hearing (DE 34), for release (35), for summary judgment (DE 36), for sanctions (DE 37), to strike (DE 37), and for a certificate of appealability (DE 45) are **DENIED**. Mr. Steele's motion for substitution of party (DE 33) is **GRANTED**. To the extent that Mr. Steele is seeking appointment of counsel from this court the motion (DE 34) is **DENIED**. The clerk is directed to forward the motion for appointment of counsel to the Court of Appeals.

SO ORDERED.
ENTERED:   September 8, 2006

                                        S/ ALLEN SHARP
                                        ALLEN SHARP, JUDGE
                                        UNITED STATES DISTRICT COURT